IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MONTGOMERY CARL AKERS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 23-cv-2505-DWD |
| ) | |
| JASON SIMMONS, ) | |
| ) | |
| Respondent.[1] ) | |

**MEMORANDUM AND ORDER**

**DUGAN, District Judge:**

Petitioner Montgomery Carl Akers, an inmate of the Federal Bureau of Prisons, currently incarcerated at Marion USP, brings this habeas corpus action pursuant to 28 U.S.C. § 2241 to challenge his prison disciplinary proceedings occurring following a telephone conversation on or about July 5, 2021, and resulting in an alleged deduction of 41 days of good time credit (Doc. 1). Petitioner originally filed his Petition on October 7, 2022, in the Northern District of Virginia (Doc. 1). The Petition was dismissed without prejudice in December 2022, but reopened in July 2023 (Docs. 12, 18). The case was then transferred to this Court (Doc. 19).

The Petition is now before the Court for preliminary review of the Petition (Doc. 1). Rule 4 of the Federal Rules Governing § 2254 Cases in United States District Courts

---

[1] The proper Respondent to a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 is the petitioner's immediate custodian. *See Harris v. Warden*, 425 F.3d 386, 388-89 (7th Cir. 2005). Petitioner is current incarcerated at USP Marion (Doc. 1). Accordingly, the proper Respondent in this matter is the Current Warden at USP Marion, Daniel Sproul. The Clerk of Court is therefore **DIRECTED** to substitute Daniel Sproul for Nathan Simpkins as Respondent in this case.

provides that upon preliminary consideration by the district judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) gives this Court the authority to apply the rules to other habeas corpus cases.

Inmates may challenge the loss of good-time credit resulting from a disciplinary sanction pursuant to 28 U.S.C. § 2241. *Jackson v. Carlson*, 707 F.2d 943, 946 (7th Cir. 1983). "Because the loss of good conduct credit eventually impacts petitioner's release date, he can challenge the loss by way of a petition for habeas relief pursuant to 28 U.S.C. § 2241" as a challenge to the duration of his confinement. *See Roundtree v. Walton*, No. 14-CV-00362-DRH, 2014 WL 1466895, at *2 (S.D. Ill. Apr. 15, 2014). Accordingly, and without commenting on the merits of Petitioner's claim, the Court concludes that the Petition survives preliminary review under Rule 4 and Rule 1(b) of the Federal Rules Governing § 2254 Cases in United States District Courts. Given the limited record, it is not plainly apparent that Atkins is not entitled to habeas relief.

Further, because the habeas petition appears to challenge the duration of his confinement, it does not clearly violate Petitioner's multiple filing bans, in this District or throughout the country. Indeed, Petitioner is subject to multiple filing restrictions and sanctions for abusive and groundless filings, and causing an unnecessary burden on judicial resources. *See, e.g., United States v. Akers*, No. CR 04-20089-01-KHV, 2019 WL 5864789, at *2, *11 (D. Kan. Nov. 8, 2019) (collecting cases, and imposing progressive sanctions); *Akers v. Sproul*, No. 22-CV-02469-JPG, 2022 WL 16855859, at *1 (S.D. Ill. Nov.

10, 2022) ("In the past decade, [Akers] admits filing more than 150 cases in state and federal courts in 13 states"); *Akers v. Walton*, No. 14-CV-1330-DRH, 2015 WL 264705, at *3–4 (S.D. Ill. Jan. 20, 2015) ("This is now [Akers'] fourth habeas petition since he was banned by this Court from filing any new non-habeas civil cases. Petitioner has taken up an inordinate share of the Court's limited resources with his repeated filings, and the instant action, as noted above, is completely frivolous and without merit.").

The Honorable Judge J. Phil Gilbert recently summarized Aker's filing restrictions and repeated attempts to avoid those restrictions in *Akers v. United States*, SDIL Case No. 20-cv-638-JPG, at Doc. 8 (July 17, 2020), stating:

> Akers is well-known to this Court because he is subject to a filing restriction. See *Akers v. Roal, et al.*, App. No. 11-3268 (7th Cir.) (citing *Newlin v. Helman*, 123 F.3d 429, 433 (7th Cir. 1997)). After accumulating three "strikes" for filing civil actions that were dismissed as frivolous, malicious, or for failure to state a claim within the meaning of 28 U.S.C. § 1915(g) and failing to pay his filing fees, the Seventh Circuit imposed the following restriction:
>
> Unpaid docket fees incurred by litigants subject to § 1915(g) lead straight to an order forbidding further litigation. *See Newlin*, 123 F.3d at 436-37. **Accordingly, until Akers has paid in full all outstanding fees in the district court and in this court, the clerks of all federal courts in this circuit will return unfiled any papers submitted either directly or indirectly by or on behalf of Akers.** *See Sloan v. Lesza*, 181 F.3d 857, 859 (7th Cir. 1999). This order does not apply to criminal cases or petitions challenging the terms of his confinement, and may reexamined in two years under the approach in *Newlin*, 123 F.3d at 436–37, and *Support Sys. Int'l, Inc. v. Mack*, 45 F.3d 185, 186–87 (7th Cir. 1995) (per curiam).
>
> *See Akers*, App. No. 11-3268 (7th Cir. April 24, 2012) (emphasis added). On September 13, 2012, this Court entered an Order prohibiting Plaintiff from further filings, consistent with the Seventh Circuit's Order, until he paid his outstanding fees of $805.00 owed in two prior cases:
>
> **Consistent with the order of the Court of Appeals for the Seventh Circuit, until Akers has paid in full all outstanding fees in the district court and**

3

> **in the appellate court, the clerks of all federal courts in the circuit will return unfiled any papers submitted either directly or indirectly by or on behalf of Akers**.

*See Akers v. Roal*, Case No. 11-cv-00622-MJR (S.D. Ill.) (Doc. 38, p. 7) (emphasis added). To date, Akers has paid no portion of these fees. He still owes the full $805.00. The filing restriction remains in effect.

. . .

This is certainly not the first time he has tried to circumvent the filing restriction. Following imposition of the restriction, Akers continued filing cases in different federal district courts. *See e.g., Akers v. Rivas*, No. 16-cv-1339-MJR (See Doc. 5, Dec. 15, 2016*); Akers v. Siereveld*, 17-cv-3340-KAW (*See* Doc. 11, Oct. 6, 2017). Akers soon learned that filing papers in federal courts familiar with his litigation history routinely resulted in a return of his papers unfiled, in accord with his filing restriction. When he met with this resistance, Akers simply turned to state court. *See Akers v. Conover*, Case No. 2020-L-54; *Akers v. True*, Case No. 2020-L-45; *Akers v. Liss*, Case No. 2020-L-59. His conduct is similar to other restricted filers, who remain undeterred by a filing restriction imposed in one federal judicial district and simply begin filing lawsuits in other federal judicial districts. *See, e.g., Tidwell v. Cunningham*, Case No. 18-cv-1448-SMY (S.D. Ill.) (Doc. 9) (dismissing case transferred from Northern District of Texas as fourth unlawful attempt to circumvent filing restriction and imposing additional monetary sanctions against litigant). This Court does not tolerate such conduct. Doing so would render the filing restriction meaningless. These three cases represent yet another attempt by Akers to circumvent the filing restriction, avoid the Prison Litigation Reform Act's "three strikes" bar to litigation, and dodge his filing fee obligations in federal court. This Court will not allow him to proceed in this manner.

Here, Petitioner filed a habeas petition purporting to challenge the conditions of his confinement, and thus the petition is not barred by the current filing restrictions. Nevertheless, the Court is gravely concerned about permitting Petitioner to proceed here because this is now Petitioner's fourth habeas petition purporting to challenge the conditions of his confinement filed in the past fifteen months. *See Akers v. Simpkins*, SDIL Case No. 22-cv-2192-DWD (2241 petition challenging earned time credit and denial of

placement into "Vets Program" or home confinement); *Akers v. Simpkins*, SDIL Case No. 23-cv-43 (2241 petition challenging his sentence and conviction for wire fraud under U.S. v. Banks, 55 F.4th 246 (3d Cir. 2022), and ultimately dismissed under *Jones v. Hendrix*, 599 U.S. 465 (2023)); *Akers v. Hill*, SDIL Case No. 23-cv-1722-DWD (2241 petition challenging his sentence and conviction for wire fraud under *Percoco v. United States*, 598 U.S. 319 (2023) and *Ciminelli v. United States*, 598 U.S. 306 (2023), but ultimately dismissed under *Jones*, 599 U.S. 465). Accordingly, the Court fears that Akers' conduct is yet another attempt to render the filing restriction in this District meaningless, and to yet again waste the Court's limited resources. However, the Court is unable to fully evaluate the extent and merits of Petitioner's current claims on the limited record currently before the Court. The Court will therefore direct a response from the current Warden of USP-Marion. However, Petitioner is **WARNED** that should the Court later find that the claims raised in this Petition are frivolous or were brought for an impermissible purpose to circumvent his filing restrictions, the Court will dismiss this Petition and consider imposing further sanctions and filing restrictions.

Consistent with these directives, **IT IS HEREBY ORDERED** that Respondent, the Warden of USP-Marion, shall answer or otherwise plead to Akers' Petition (Doc. 1) by **January 26, 2024**. This preliminary order to respond does not, of course, preclude Respondent from raising any objection or defense Respondent may wish to present. Service upon the United States Attorney for the Southern District of Illinois, 750 Missouri Avenue, East St. Louis, Illinois, shall constitute sufficient service.

Petitioner is further **ADVISED** of his continuing obligation to keep the Clerk (and each opposing party) informed of any change in her whereabouts during the pendency of this action. This notification must be done in writing and no later than 7 days after a transfer or other change in address occurs. Failure to provide notice may result in dismissal of this action. See Fed. R. Civ. P. 41(b).

**SO ORDERED.**

Dated:  December 13, 2023

_____
DAVID W. DUGAN
United States District Judge

6